UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHRISTOPHER G. VALENCIA,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>KEN CLARK, et al.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-00137-SAB (PC)<br><br>ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN A DISTRICT JUDGE TO THIS ACTION AND FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL<br><br>(ECF Nos. 28, 29) |

　　　　Plaintiff Christopher G. Valencia is proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.  The action was filed on February 3, 2021.

　　　　On March 8, 2021, the Court screened Plaintiff's complaint, found no claims to be cognizable, and granted Plaintiff thirty days to file a first amended complaint.  (ECF No. 14.)  On March 25, 2021, Plaintiff filed a first amended complaint.  (ECF No. 15.)  On May 17, 2021, the Court screened Plaintiff's first amended complaint, again found no claims to be cognizable, and granted Plaintiff thirty days to file a second amended complaint.  (ECF No. 17.)  On October 7, 2021, Plaintiff filed a second amended complaint.  (ECF No. 27.)  On October 14, 2021, the Court screened Plaintiff's second amended complaint, found no cognizable claims, and granted Plaintiff one final opportunity to amend the complaint, but he failed to do so.  (ECF No. 28.)  Therefore, on November 29, 2021, the Court ordered Plaintiff to show cause within fourteen days.  (ECF No. 29.)  Plaintiff has failed to

respond to the Court's November 29, 2021 order and the time to do so has passed. Accordingly, dismissal of the action is warranted.

## I.
## SCREENING REQUIREMENT

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that "fail[] to state a claim on which relief may be granted," or that "seek[] monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); see also 28 U.S.C. § 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Moreover, Plaintiff must demonstrate that each defendant personally participated in the deprivation of Plaintiff's rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Prisoners proceeding *pro se* in civil rights actions are entitled to have their pleadings liberally construed and to have any doubt resolved in their favor. Wilhelm v. Rotman, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

## II.
## COMPLAINT ALLEGATIONS

On November 6, 2020, under Warden Clark's supervision an inmate who was on quarantine due to being infected with COVID-19 was transported to Plaintiff's prison building and placed in his

cell. Prison policy prohibits the movement of inmate's during the 14 day quarantine phase to ensure the safety of other inmates and staff. Plaintiff was required to live with the infected prisoner for three days. On the third day after Plaintiff's complaints, prison custody staff went to Plaintiff's cell and removed the infected inmate and transferred him to the quarantine unit.

Warden Clark allowed his custody staff to move an infected inmate into Plaintiff's cell against his will which subjected Plaintiff to serious harm as he got sick from contacting COVID-19. Plaintiff's request for medical care was ignored.

Warden Clark is responsible for custody staff and Chief Executive Officer Celia Bell is responsible for the medical personnel at Corcoran State Prison.

## III.

## DISCUSSION

### A.   Supervisory Liability-Exposure to COVID-19

Prison officials must protect inmates from, and not be deliberately indifferent to, conditions of confinement that are "very likely to cause serious illness and needless suffering." Helling v. McKinney, 509 U.S. 25, 33 (1993) (impermissible for prison officials to be "deliberately indifferent to the exposure of inmates to a serious, communicable disease on the ground that the complaining inmate shows no serious current symptoms"). In determining whether a prison official's failure to protect prisoners from harm rises to the level of an Eighth Amendment violation, the Court must consider two factors. The first factor is objective: the conditions of confinement must have put prisoners at "substantial risk of serious harm." Farmer v. Brennan, 511 U.S. 825, 834 (1970). The second is subjective: the prison official must have acted with "deliberate indifference" to inmate health or safety. Id. Under a deliberate indifference analysis, courts inquire whether "the [prison official] knows of and disregards an excessive risk to inmate health and safety." Toguchi v. Chung, 391 F.3d 1051, 1058 (9th Cir. 2004) (citing Gibson v. County of Washoe, Nevada, 290 F.3d 1175, 1187 (9th Cir. 2002)).

Exposure to disease has been determined to present a serious harm. See, e.g., Helling, 509 U.S. at 33 (explaining that the reach of the Eighth Amendment includes "exposure of inmates to a serious, communicable disease"); Jeffries v. Block, 940 F. Supp. 1509, 1514 (C.D. Cal. 1996) (agreeing that

"tuberculosis is a serious contagious disease, which presents a serious risk to inmate health"); Jolly v. Coughlin, 76 F.3d 468, 477 (2d Cir. 1996) ("[C]orrectional officials have an affirmative obligation to protect inmates from infectious disease.").

"[I]t is not enough to show [RJD] inmates are at risk of contracting COVID-19 or that [Defendants] were aware of that risk." See Torres v. Milusnic, 472 F. Supp. 3d 713, 728 (C.D. Cal. 2020). "A prison official may be held liable under the Eighth Amendment for acting with 'deliberate indifference' to inmate health or safety only if he knows that inmates face a substantial risk of serious harm *and* disregards that risk by failing to take reasonable measures to abate it." Farmer, 511 U.S. at 847. Under this standard, "prison officials who actually kn[o]w of a substantial risk to inmate health or safety may be found free from liability if they respond[ ] reasonably to the risk, even if the harm ultimately [i]s not averted." Id. at 844. To allege deliberate indifference, therefore, Plaintiff must include "factual content" from which the court might reasonably infer that each Defendant he seeks to sue had a subjective "state of mind more blameworthy than negligence," and more akin to criminal recklessness. Id. at 835, 839–40.

Insofar as Plaintiff is attempting to sue Defendants Clark and Bell based solely upon their supervisory roles, he may not do so. Liability may not be imposed on supervisory personnel for the actions or omissions of their subordinates under the theory of respondeat superior. Iqbal, 556 U.S. at 676–77; Simmons v. Navajo Cty., Ariz., 609 F.3d 1011, 1020–21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).

Supervisors may be held liable only if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them." Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205–06 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009). "The requisite causal connection may be established when an official sets in motion a 'series of acts by others which the actor knows or reasonably should know would cause others to inflict' constitutional harms." Corales v. Bennett, 567 F.3d at 570. Supervisory liability may also exist without any personal participation if the official implemented "a policy so deficient that the policy itself is a repudiation of the constitutional rights and is the moving force of the constitutional

violation." Redman v. Cty. of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1991) (citations and quotations marks omitted), abrogated on other grounds by Farmer v. Brennan, 511 U.S. 825 (1970).

To prove liability for an action or policy, the plaintiff "must ... demonstrate that his deprivation resulted from an official policy or custom established by a ... policymaker possessed with final authority to establish that policy." Waggy v. Spokane County Washington, 594 F.3d 707, 713 (9th Cir. 2010). When a defendant holds a supervisory position, the causal link between such defendant and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of supervisory personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff has failed to allege direct participation in the alleged violations by Defendants Clark and Bell.  Although Plaintiff contends he was improperly housed with an infected inmate, he has failed to allege the causal link between such Defendant and the claimed constitutional violation which must be specifically alleged.  He does not make a sufficient showing of any personal participation, direction, or knowledge on these Defendants' part regarding any other prison officials' actions. Plaintiff has not alleged that these Defendants personally participated in the alleged deprivations.

**B.     Denial of Medical Treatment**

A prisoner's claim of inadequate medical care does not constitute cruel and unusual punishment in violation of the Eighth Amendment unless the mistreatment rises to the level of "deliberate indifference to serious medical needs."  Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006) (quoting Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  The two-part test for deliberate indifference requires Plaintiff to show (1) "a 'serious medical need' by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the 'unnecessary and wanton infliction of pain,'" and (2) "the defendant's response to the need was deliberately indifferent."  Jett, 439 F.3d at 1096.  A defendant does not act in a deliberately indifferent manner unless the defendant "knows of and disregards an excessive risk to inmate health or safety."  Farmer v. Brennan, 511 U.S. 825, 837 (1994). "Deliberate indifference is a high legal standard," Simmons v. Navajo County, Ariz, 609 F.3d 1011, 1019 (9th Cir. 2010); Toguchi v. Chung, 391 F.3d 1051, 1060 (9th Cir. 2004), and is shown where there

5

was "a purposeful act or failure to respond to a prisoner's pain or possible medical need" and the indifference caused harm. Jett, 439 F.3d at 1096.

Negligence or medical malpractice do not rise to the level of deliberate indifference. Broughton v. Cutter Laboratories, 622 F.2d 458, 460 (9th Cir. 1980) (citing Estelle, 429 U.S. at 105-106). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106; see also Anderson v. County of Kern, 45 F.3d 1310, 1316 (9th Cir. 1995). Even gross negligence is insufficient to establish deliberate indifference to serious medical needs. See Wood v. Housewright, 900 F.2d 1332, 1334 (9th Cir. 1990). Additionally, a prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

Further, a "difference of opinion between a physician and the prisoner—or between medical professionals—concerning what medical care is appropriate does not amount to deliberate indifference." Snow v. McDaniel, 681 F.3d 978, 987 (9th Cir. 2012) (citing Sanchez v. Vild, 891 F.2d at 242, overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082–83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122–23 (9th Cir. 2012) (citing Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986)). Rather, Plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances and that the defendants chose this course in conscious disregard of an excessive risk to [his] health." Snow, 681 F.3d at 988 (citing Jackson, 90 F.3d at 332) (internal quotation marks omitted).

First, Plaintiff fails to demonstrate a serious medical need. Second, Plaintiff's conclusory allegations are insufficient to give rise to a claim for deliberate indifference based on the alleged denial of medical treatment. The conclusory claim that his request for medical care was ignored does not demonstrate deliberate indifference. Moreover, Plaintiff fails to attribute any specific conduct to these defendants, other than that they were supervisors. As explained, above, supervisor liability is insufficient to state a cognizable claim against these defendants. See Willard v. Cal. Dep't of Corr. & Rehab., No. 14-0760, 2014 WL 6901849, at *4 (E.D. Cal. Dec. 5, 2014) ("To premise a supervisor's

alleged liability on a policy promulgated by the supervisor, plaintiff must identify a specific policy and establish a 'direct causal link' between that policy and the alleged constitutional deprivation."). The Court is not discounting Plaintiff's concerns about contracting COVID-19. His concerns are valid and significant. However, nothing in his complaint suggests that Defendants Clark and Bell disregarded the risk Plaintiff faced.   Accordingly, Plaintiff fails to state a cognizable claim.

## IV.

## FAILURE TO OBEY COURT ORDER AND FAILURE TO PROSECUTE

Here, the Court screened Plaintiff's second amended complaint, and on October 14, 2021, an order issued providing Plaintiff with the legal standards that applied to his claims, advising him of the deficiencies that needed to be corrected, and granting him leave to file an amended complaint within thirty days.  (ECF No. 28.)  Plaintiff did not file a third amended complaint or otherwise respond to the Court's October 14, 2021 order.  Therefore, on November 29, 2021, the Court ordered Plaintiff to show cause within fourteen (14) days why the action should not be dismissed.  (ECF No. 29.)  Plaintiff failed to respond to the November 29, 2021 order.

Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."   The Court has the inherent power to control its docket and may, in the exercise of that power, impose sanctions where appropriate, including dismissal of the action.  Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000).

A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  See, e.g. Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (dismissal for noncompliance with local rule); Ferdik v. Bonzelet, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (dismissal for failure to comply with an order to file an amended complaint); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se plaintiffs to keep court apprised of address); Malone v. United States Postal Serv., 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); Henderson v. Duncan, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

///

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: '(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.' " Carey, 856 F.2d at 1440 (quoting Henderson, 779 F.2d at 1423). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d 1217, 1226 (9th Cir. 2006) (citation omitted).

In this instance, the public's interest in expeditious resolution of the litigation and the Court's need to manage its docket weigh in favor of dismissal. In re Phenylpropanolamine (PPA) Products Liability Litigation, 460 F.3d at 1226. Plaintiff was ordered to file an amended complaint within thirty days of October 14, 2021 and has not done so. Accordingly, the operative pleading is the October 7, 2021 second amended complaint which has been found not to state a cognizable claim. Plaintiff's failure to comply with the order of the Court by filing an amended complaint hinders the Court's ability to move this action towards disposition. This action can proceed no further without Plaintiff's compliance with the order and his failure to comply indicates that Plaintiff does not intend to diligently litigate this action.

Since it appears that Plaintiff does not intend to litigate this action diligently there arises a rebuttable presumption of prejudice to the defendants in this action. In re Eisen, 31 F.3d 1447, 1452-53 (9th Cir. 1994). The risk of prejudice to the defendants also weighs in favor of dismissal.

The public policy in favor of deciding cases on their merits is greatly outweighed by the factors in favor of dismissal. It is Plaintiff's responsibility to move this action forward. In order for this action to proceed, Plaintiff is required to file an amended complaint curing the deficiencies in the operative pleading. Despite being ordered to do so, Plaintiff did not file an amended complaint or respond to the order to show cause and this action cannot simply remain idle on the Court's docket, unprosecuted. In this instance, the fourth factor does not outweigh Plaintiff's failure to comply with the Court's orders.

Finally, a court's warning to a party that their failure to obey the court's order will result in dismissal satisfies the "consideration of alternatives" requirement. Ferdik, 963 F.2d at 1262; Malone, 833 F.2d at 132-33; Henderson, 779 F.2d at 1424. The Court's October 14, 2021 order requiring

Plaintiff to file an amended complaint expressly stated: "If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order."  (ECF No. 28.)  In addition, the Court's November 29, 2021, order to show cause specifically stated: "Plaintiff's failure to comply with this order will result a recommendation to dismiss the action." (ECF No. 29.)  Thus, Plaintiff had adequate warning that dismissal would result from his noncompliance with the Court's order.

## V.

## ORDER AND RECOMMENDATION

The Court has screened Plaintiff's complaint and found that it fails to state a cognizable claim. Plaintiff has failed to comply with the Court's order to file a second amended complaint or respond to the Court's order to show why the action should not be dismissed.  In considering the factors to determine if this action should be dismissed, the Court finds that this action should be dismissed for Plaintiff's failure to state a cognizable claim, failure to obey the October 15, 2021 and November 29, 2021 orders, and failure to prosecute this action.

Accordingly, IT IS ORDERED that the Clerk of Court randomly assign a District Judge to this action.

Further, IT IS HEREBY RECOMMENDED that this action be DISMISSED for Plaintiff's failure to state a claim, failure to comply with a court order, and failure to prosecute.

This Findings and Recommendation is submitted to the district judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304.  Within fourteen **(14) days** of service of this Recommendation, Plaintiff may file written objections to this findings and recommendation with the Court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The district judge will review the magistrate judge's Findings and Recommendations pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file

///
///
///
///

objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 3, 2022**

UNITED STATES MAGISTRATE JUDGE